JAMES H. DARLING AND CHARLES H. COOK v. JOSEPH B. JEWELL.

*Cancellation of deed—Mistake—Fraud.*

No questions of law are involved in this case, and the decree below is affirmed.

Appeal from Newaygo. (Palmer, J.) Argued April 18, 1893. Decided June 23, 1893.

Bill to set aside certain deeds. Decree dismissing bill affirmed. The facts are stated in the opinion.

*W. D. Leonardson (L. N. Keating* and *George Luton,* of counsel), for complainants.

*A. G. Day,* for defendant.

LONG, J. Complainants filed their bill in the Newaygo circuit court in chancery to set aside two deeds made by them to the defendant of certain premises in that county, on the ground of mistake in the description.

The controversy arises over the question as to what was understood to be the true boundary line at the time the deeds were executed. Complainants were tenants in common of the property, but conveyed by separate deeds. It is claimed that the lands agreed to be conveyed by complainants were bounded on the south by lands of Sarah E. Whitman and H. N. Smith, but that by an error in drafting the deeds, or by the fraud of defendant, Jewell, certain lands now claimed by Sarah E. Whitman and H. N. Smith were included in the deeds so executed by the complainants to the defendant. The court below, after a full hearing upon pleadings and proofs in open court, dismissed the bill, with costs.

We think the court below very properly dismissed the bill. The evidence is not convincing that any mutual mistake was made in describing the lands. Jewell evidently believed that he was purchasing all the lands described in the deeds, and paid the full consideration therefor. Defendant, Jewell, wrote the deeds for the complainants to execute. He claims to have put in such lands as were agreed upon. After the deeds were executed, ejectment was brought against him by certain parties who claimed to own some portions of the land. This bill was filed to avoid the effect of the warranty in the deeds as to those portions, and on the hearing the complainants sought to show that Jewell fraudulently put in more land than he purchased from them. We think the evidence fails to substantiate this claim. It is unnecessary to insert the evidence here. The court below, after a full hearing in open court, was of the opinion that complainants failed to make a case, and we concur in that opinion.

Decree is affirmed.

The other Justices concurred.